## Ellis v. Dunn, Taylor & Co.

1. Where the judgment recites, that there came a jury of good and lawful men, to-wit, —— and eleven others, it will be intended that the case was tried by a competent jury.
2. If the jury return a verdict in favor of the plaintiff for a specific sum, and the judgment is, that the plaintiff " recover of said defendant the said sum of —— dollars, so assessed as aforesaid," &c. the legal conclusion is, that the judgment is for the amount of the verdict.
3. Where there are several plaintiffs, and the jury find for the " plaintiff," the verdict will be regarded as a finding of the issue in favor of the " plaintiffs."

THE defendants in error declared against the plaintiff in the Circuit Court of Tallapoosa, for work and labor done, goods, wares and merchandize sold and delivered, &c. The cause was tried upon the general issue, and a judgment was rendered as follows: " This day, came the parties by their attornies: and thereupon, came a jury, of good and lawful men, to wit: —— —— and eleven others, who being duly elected, empannelled, tried and sworn, well and truly to try the issue joined between the parties, upon their oaths, do say, they find for the plaintiff, and assess his damages at the sum of eighty dollars twenty-one and three-fourth cents. It is therefore considered by the Court, that the said plaintiffs recover of said defendant, the sum of said —— dollars, so assessed as aforesaid, together with the costs in this behalf expended, for which execution may issue, &c."

To revise this judgment, the defendant prosecutes a writ of error to this Court.

HEYDENFELDT, for the plaintiff in error.
T. CLAY, for the defendant.

COLLIER, C. J.—It is objected to the judgment,
1. That the names of the jurors are not set out.
2. That the cause was tried by eleven jurors.
3. That it is for costs only; and
4. That the verdict does not find the entire issue for the plaintiff.

In Foote v. Lawrence, 1 Stewart's Rep. 483, the judgment entry recited that the parties came by their attornies, "and thereupon, also came a jury of good and lawful men, (stating the names of eleven persons only,) who being duly sworn," &c. The Court held, that the recording the names of the jurors was an act of supererogation, and that it would be intended from the recital, that the jury were "of good and lawful men," that there were twelve men, one of whose names was omitted by the clerk by mistake. But we are not left to mere inference in the present case, for it is expressly stated that there was ——— and eleven others, that is, eleven in addition to one whose name is not mentioned. The case cited, is then decisive of the two first objections.

The two last assignments, are alike untenable. The jury find a verdict for a precise sum, and the Court renders its judgment for "said sum of ——— dollars, so assessed as aforesaid." This, beyond all doubt, means the sum ascertained by the jury, and is quite as explicit as if it had been inserted in the blank. True, the jury do not say they find the issue in favor of the plaintiff, but they do say, "they find for the plaintiff, and assess his damages" &c. This is equivalent in meaning, to the most technical language in which the verdict could have been expressed ; and we will intend the substitution of "plaintiff" for plaintiffs, to be a mere clerical mistake.

We have only to add, the judgment is affirmed.