### W. K. Bender v. N. G. Damon et al.

#### No. 2607.

1. **Judgment.**—Though a proceeding to vacate a judgment and to set aside a sale made thereunder must be instituted in the court by which the judgment was rendered, yet otherwise if the pretended judgment was an absolute nullity by reason of the fact that jurisdiction had never attached.

2. **Action—Jurisdiction.**—When a petition having for its object the recovery of land alleges facts which if true show that the plaintiff has the superior title, and is endorsed as required in the action of trespass to try title, the proper jurisdiction is in the county where the land is situated, without reference to places of residence of the respective parties.

3. **Same.**—When the prayer of the petition in such an action is to recover the land, and also to remove cloud from title caused by a sale under a pretended judgment rendered in another county by a court whose jurisdiction to hear and determine never attached, the plaintiff is entitled to show the nullity of the judgment. A void judgment may be attacked collaterally in any court.

Appeal from Ellis. Tried below before Hon. Anson Rainey.

*F. P. Powell*, for appellant. — The District Court of the county wherein the land lies has jurisdiction of suits for the recovery of the land, to remove encumbrances upon the title, or quiet the title to same. Sayles's Texas Civil Statutes, vol. 1, art. 1198, sec. 13; Id., vol. 2, art. 4784.

The petition showing a complete cause of action of trespass to try title, the court erred in sustaining defendants' general exception and plea to the jurisdiction and dismissing the suit.

The land in controversy being situated in said Ellis County, the District Court of said county had jurisdiction to try this suit and to determine whether defendants' deed to said land was void for any cause whatever. McLaury v. Miller, 64 Texas, 381; W. & W. Con. Rep., sec. 457; Atchison v. Owen, 58 Texas, 614; McFadin v. MacGreal, 25 Texas, 78; Par-

ker v. Spencer, 61 Texas, 161; Bryan v. Lund, 25 Texas, 98; Witt v. Miller, 25 Texas Supp., 384; Hill v. Allison, 51 Texas, 393; McCoy v. Crawford, 9 Texas, 356; Collins v. Miller, 64 Texas, 118; Fleming v. Seeligson & Ellis, 57 Texas, 531; Crain et al. v. Wright et al., 60 Texas, 515; Pfeiffer & Co. v. Lindsay, 66 Texas, 125; Wooters v. Arledge, 54 Texas, 395; 37 Texas, 520; 49 Texas, 525.

The land being situated in Ellis County, the District Court of said county has jurisdiction to set aside the sale and deed to said land for inadequacy of price, irregularities, and for other causes set up in the petition, this being a direct proceeding and appeal to the equity powers of the court. Freeman on Execution, secs. 306–310; Daugherty v. Cox, 13 Texas, 213, 357; Owen v. City of Navasota, 44 Texas, 522; Allen v. Stephanes, 18 Texas, 672; Hawley v. Bullock, 29 Texas, 224; Kauffman & Runge v. Morriss, 60 Texas, 119; Chamblee v. Tarbox, 27 Texas, 145, 607; Pearson v. Burditt, 26 Texas, 172 and 61; Battle v. Guedry, 58 Texas, 114.

*John D. Lee* and *M. B. Templeton,* for appellees. — The District Courts of the State have co-ordinate powers. No one of them can modify or disturb the orders or decrees of another. And a suit brought in one court seeking to attack, set aside, or annul the orders or process of another court, is brought in the wrong forum.

The gist of this action is to annul the sale and sheriff's deed made under and by virtue of the judgment in Navarro County, on the alleged ground that said judgment was obtained by fraud, and that there were irregularities in the process under which the sale was made. This can only be done by a bill of review, filed in the same court where said judgment was rendered. Lawler v. White, 26 Texas, 250; Mitchell v. Meuley, 32 Texas, 460; Black v. Epperson, 40 Texas, 179; Guilford v. Love, 49 Texas, 716; Freeman on Judg., secs. 124, 132; Fitch v. Boyer, 51 Texas, 344; Hamblen v. Knight, 60 Texas, 39; Brockenborough v. Melton, 55 Texas, 503; Murchison v. White, 54 Texas, 79; Pearson v. Burditt, 26 Texas, 173; Treadway v. Eastburn, 57 Texas, 209; Sydnor v. Roberts, 13 Texas, 615.

STAYTON, CHIEF JUSTICE.—In so far as the appellant sought in this suit to vacate the judgment by the District Court for Navarro County rendered against him, and to set aside the sale made under process issued under that judgment, through which he alleges appellees claim, the court below did not err in holding that such relief should be sought in the court in which the judgment was entered.

All the defendants were residents of Navarro County, but the land in controversy is situated in Ellis County, and if appellant states facts sufficient to show that he has the superior title to the land, seeking as he does to recover it, then the action of the court below in sustaining de-

fendants' plea or exception to the jurisdiction of the District Court of Ellis County was erroneous, as was its action on the general demurrer.

The petition alleges substantially the facts necessary to be alleged in an action of trespass to try title, and the petition was so endorsed.

Had it done this and no more, there could have been no ground for controversy in the court below as to its jurisdiction to hear and determine the cause, nor as to the sufficiency of the petition on general demurrer.

The appellant, however, sought to remove cloud from his title, which a judgment in his favor in an action of trespass to try title would have accomplished as against the defendants, and to obtain this relief he undertook to show that appellees were claiming under a sheriff's sale and deed under an execution issued from the District Court for Navarro County, on a judgment rendered by that court against him and in favor of S. J. T. Johnson, all of which he claimed were invalid.

Some of the facts which he alleged to show the invalidity of that judgment, execution, and sale, were such as might entitle him, by a proper proceeding, to have had them vacated, but not such as to render them void.

The petition, however, went further, and alleged facts which, if true, would render the judgment void.

It alleged that the plaintiff was a non-resident of this State; that he never was cited to appear, and did not appear in person or by attorney in the proceeding in which the judgment in favor of Johnson and against himself was rendered; and that appellees claim through an execution and sale made under a judgment so rendered.

If these averments be true the judgment was void and no one could acquire rights under it.   The demurrer admits the averments to be true.

How the facts may appear, if appellant is put to the proof of his averments, is now unimportant, for the action of the court in dismissing the petition prevented any inquiry as to this.

The petition stated that appellant owned the land in controversy at a date named, and that he continued to be the owner, but that appellees assert title to it through a judgment for money entered against him in a case in which he had not been cited to appear, and in which he did not appear either in person or by attorney.   He, in fact, alleges his entire ignorance of the pendency of such an action.

If this be true, the land is still his and he ought to have been given an opportunity to establish so much of his case.

The demurrer urged was general, and while the manner in which appellant pleaded may have been subject to objections, these matters were not raised by the general demurrer.

If a judgment be void it is not necessary that the person against whom it is entered have it set aside by a proceeding for that purpose; but in a collateral proceeding in any court he may show its nullity.

The fact that appellant may have sought specific relief that could not be given to him by the District Court for Ellis County furnishes no reason why that court should not adjudicate the question of title to land situated in that county, without reference to the fact that the defendants were not residents of that county.

The court erred in dismissing the cause, and its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion November 23, 1888.