LESTER v. GATEWOOD et al.
(No. 594.)

(Court of Civil Appeals of Texas. Amarillo.
April 11, 1914.)

1. PLEADING (§ 8*)—FACTS AND CONCLUSIONS.
    An allegation that a judgment was void because altered by the parties before being recorded is a statement of a conclusion, which is not sufficient to authorize an injunction to restrain the enforcement of the judgment, with-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

out allegations of facts which overcome the presumption of the validity of the judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12 28½, 68; Dec. Dig. § 8.*]

**2. JUDGMENT (§ 21*)—VALIDITY—CERTAINTY OF AMOUNT.**

A judgment for the "sum of $——, being the amount of" a replevy bond, was not void for uncertainty, if the bond was in the record and the amount thereof was fixed, under the rule that a judgment is certain which can be made certain.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 7, 8; Dec. Dig. § 21.*]

**3. JUDGMENT (§ 495*)—EQUITABLE RELIEF—PLEADING—PRESUMPTIONS.**

Where it was alleged that a certain judgment, execution upon which was sought to be restrained, was upon a replevy bond, and that it stated it was for the amount of the bond, it will be conclusively presumed that the bond was a record in the cause in which the judgment was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 549½, 933, 934; Dec. Dig. § 495.*]

**4. JUDGMENT (§ 504*)—EQUITABLE RELIEF—ISSUES—ERRONEOUS JUDGMENT.**

In a collateral suit to restrain execution upon a judgment for the amount of a replevy bond, the question whether the judgment should have been for the amount of the bond or for the value of the property replevied cannot be considered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 944-947; Dec. Dig. § 504.*]

**5. EXECUTION (§ 171*)—EQUITABLE RELIEF—GROUNDS—ALTERATION.**

Where a judgment was rendered for "$——, being the amount of" a replevy bond, the filling in of the blank with the amount of the bond would not affect the rights of the parties to the judgment, and therefore would not be a material alteration which would authorize an injunction to restrain execution on the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497-518; Dec. Dig. § 171.*]

**6. EXECUTION (§ 171*)—EQUITABLE RELIEF—PRESUMPTIONS—ALTERATION.**

Where a petition to enjoin the execution of a judgment alleged that the judgment originally read for "$——, being the amount of" a replevy bond, but had been altered by the insertion of the figures 15,000 in the space left blank, it will be presumed, in the absence of allegations to the contrary, that the bond was for a fixed amount, and that the amount thereof was the same as that inserted in the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497-518; Dec. Dig. § 171.*]

**7. JUDGMENT (§ 455*)—EQUITABLE RELIEF—VENUE.**

Rev. St. 1911, art. 4653, requiring injunctions to stay proceedings on a judgment to be returnable to the court in which the judgment was rendered, and Rev. St. 1911, art. 1830, subd. 17, requiring suits to enjoin the execution of a judgment to be brought in the county in which the judgment was rendered, do not apply to a void judgment, provided the nullity appears upon the face of the judgment or the record, but do apply where the ground of nullity is an alleged alteration which is not shown to be such a material change as to invalidate the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 860-862; Dec. Dig. § 455.*]

**8. VENUE (§ 46*)—CHANGE OF VENUE.**

A suit was brought in the county where plaintiff's land was situated to enjoin the enforcement of a judgment rendered in another county, and to remove the cloud cast upon plaintiff's title by the recording of an abstract of the judgment lien in the county where the land was situated, which suit was based upon an alleged alteration of the judgment prior to the recording of it, but the petition contained no allegations of facts to sustain the conclusion that the judgment was materially altered. *Held*, that the suit should be transferred in its entirety to the court where the judgment was rendered, under Rev. St. 1911, art. 4653, and article 1830, subd. 17, fixing the venue of suits to restrain execution upon a judgment, and not retained as to the removal of the cloud in the county where the land was situated, under the provisions of article 1830, subd. 14, fixing the venue of suits to remove a cloud upon title.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 68; Dec. Dig. § 46.*]

**9. DISMISSAL AND NONSUIT (§ 55*)—JURISDICTION AND VENUE.**

Where a suit to enjoin the execution of a judgment was not brought in the county in which the judgment was rendered, as required by Rev. St. 1911, art. 4653, and article 1830, subd. 17, the objection is one of venue, and not of jurisdiction, and it was proper to transfer a suit to the proper county, instead of dismissing it.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 115, 116; Dec. Dig. § 55.*]

Appeal from District Court, Randall County; James N. Browning, Judge.

Suit by L. T. Lester against W. W. Gatewood and others. From an order of the district court granting a change of venue, the plaintiff appeals. Affirmed.

A. S. Rollins and Reeder & Dooley, all of Amarillo, and G. W. Barcus, of Weatherford, for appellant. Knight & Slaton, of Hereford, and W. Boyce, of Amarillo, for appellees.

HENDRICKS, J. We quote from appellant's brief as follows: "The appellant filed his suit in the district court of Randall county, Tex., in which he set up that the appellees were acting under and by virtue of a judgment of the district court of Deaf Smith county, which judgment was void by reason of the fact that it had been altered materially by the appellees, in vacation and without notice to the court or to the appellant." He further alleged that "subsequent to the fraudulent alteration of said judgment by appellees, that some one of them with full knowledge that said judgment was void procured an abstract of same and placed it of record in Randall county, Tex., thus making same a lien on all the real estate owned by the appellant in the said county."

Quoting from appellees' brief, the petition of appellant in this cause exhibits: "That on the 6th day of May, 1910, W. W. Gatewood and Knight & Slaton recovered a judgment in the district court of Deaf Smith county against various parties defendant for various sums of money on certain promis-

sory notes executed by such persons, with foreclosure of a chattel mortgage lien on 600 head of steers. It is shown (in said petition) that the cattle had been sequestered by the plaintiffs in that suit (in Deaf Smith county) and replevied by one E. F. Brown, and the present suit grows out of an attack on that part of the judgment which has reference to the replevy bond" and rendered in that cause, as follows: "And it further appearing to the court that the defendant Fulton Brown, by name of E. F. Brown, had replevied the cattle seized under writ of sequestration issued in the cause by giving a replevy bond conditioned as required by the statutes of Texas, with L. T. Lester and G. L. Abbott as sureties, and payable to W. W. Gatewood, Wm. M. Knight, and John P. Slaton, plaintiffs, and it further appearing that said cattle have been by the jury in their verdict valued at $35 per head, it is therefore ordered, adjudged, and decreed by the court that the plaintiffs, W. W. Gatewood and Wm. M. Knight, and John P. Slaton, do have and recover of and from the defendants E. F. Brown, L. T. Lester and G. L. Abbott, jointly and severally the sum of $———, being the amount of said replevy bond, for which execution may issue in favor of the respective plaintiffs to the amount of the several respective judgments."

The petition for injunction presented to the district judge of Randall county also alleged the issuance of an execution upon the judgment rendered by the district court of Deaf Smith county, by virtue of which the sheriff of Lubbock county, Tex., was levying upon certain bank stock owned by appellant as a stockholder of a national bank in the town of Lubbock, also upon certain real estate situated in said city. The district judge of the Forty-Seventh judicial district, in which Randall county is situated, ordered a "temporary writ of injunction, * * * as prayed for, restraining the defendants * * * from proceeding further with the sale advertised, or from making further levies or doing anything further under the said execution or judgment until final hearing," etc.

As stated by appellant in his brief: "Other allegations were made in the petition which it is not necessary to set out in order to arrive at the matters involved in this appeal"—the appellant abandoning, as we understand his brief, on account of his positions in this court, all other allegations stating additional grounds for injunction, except those directly germane, briefed, and assigned in this appeal. The district court sustained an exception to appellant's petition when the case was called for final hearing at a regular term of the district court of Randall county, and changed the venue of the cause, under the statute, to the district court of Deaf Smith county.

As stated, the judgment assailed is against the appellant on a replevy bond, and it is noted that the judgment recites that the plaintiffs, in the proceeding in the district court of Deaf Smith county, "do have and recover of and from the defendants, E. F. Brown, L. T. Lester and G. L. Abbott, jointly and severally the sum of $———, being the amount of said replevy bond, for which execution may issue in favor of the respective plaintiffs to the amount of the several respective judgments"; limiting the recovery, as indicated, to the amount of the other judgments recovered by plaintiffs against the various parties, and which judgments, we assume in this proceeding only, the judgment upon the replevy bond covered.

[1] In this case, as in any other proceeding for injunction, the consideration of the equities is referable to the allegations of fact, and not of conclusions, for the purpose of invoking the relief prayed for. The conclusion pleaded—that the judgment is void because of the alteration—is unavailable, if, upon consideration of the petition, sufficient allegations of fact are not made negativing its validity and overcoming the presumption ordinarily incident to the rendition of every judgment.

[2] Appellant also alleges that the judgment for the sum of "$———," as quoted herein, rendered against him as an obligor on the replevy bond in the other proceeding, was, by the appellees, or some one of them, fraudulently altered by writing in said blank space the figures "15,000," making the judgment as to him read for the sum of "$15,000." The appellant, however, does not inform us whether the correct amount, or an incorrect entry as to the real amount of the judgment, was inserted in the blank space.

[3] Evidently, the judgment, as it reads, was for "the amount of said replevy bond"; and appellant's allegation that it was a judgment upon a replevy bond conclusively presumes it to be a record in that cause. Neither does the appellant inform us of the amount of the replevy bond which he signed as surety in the other cause in Deaf Smith county.

[4] It will be remembered that, in this collateral proceeding, we are not concerned with the question whether the district court of Deaf Smith county pronounced an erroneous or correct judgment in decreeing the amount recovered by the plaintiffs against appellant upon said replevy bond as the amount designated in the bond, or that such judgment should have been for the amount of the value of the cattle, or some other amount. In this proceeding, under the allegations in plaintiff's petition, the judgment for the amount in the replevy bond is to us a correct amount, and, whatever the amount, could not be questioned by us, if the decree is to be regarded by us as sufficiently certain, viewing the petition, as the rendition of a judgment for any specific sum.

The case of Luter v. Rose, 16 Tex. 52, 53, was one upon appeal from the justice court to the district court, where the cause was tried de novo. The justice court judgment was for the plaintiff for $73, and costs of suit. The district court judgment was as follows: "In this case it is ordered that the judgment of the court below (the justice court) be affirmed, with 10 per cent. damages," etc.—without any statement whatever in figures or letters of any amount rendered in the district court, except by reference to the justice court judgment, which did state the amount. That proceeding also involved the title to real property under a sheriff's sale, based upon the district court judgment, and, when the claimant, under the judgment above recited, introduced said judgment, the execution thereupon, and the deed by the sheriff, the trial court excluded all of the same, on the ground that the judgment was null and void. With this judgment, execution, and sale thereunder before the Supreme Court, Justice Wheeler said that, while the judgment was not as "full and formal as it might have been, * * * it is not, therefore, necessarily void. Though it does not specify the sum for which it was rendered, yet that may be readily ascertained by reference to the judgment of the justice, which was before the court (the district court) when it gave judgment, and remains there of record; and, though it is not, in itself, certain as to the amount, it may thus be rendered certain." Justice Wheeler in that case further quotes from another case: "That the plaintiff recover of the defendant according to specialty, with 6 per cent. interest and costs, on a verdict for the plaintiff according to specialty, with 6 per cent. interest, the ad damnum being left blank in the declaration, but laid in the writ, is valid."

The case of Roberts v. Landrum, 20 Tex. p. 474, decided by Justice Roberts, was an action of debt upon a certain judgment previously rendered, for the purpose of reviving said judgment, in which revival, the amount was left blank, and which also seemed to be the condition of the original judgment, with no reference whatever to any record for a correct amount as to the recovery intended to be reinstated. The Supreme Court held the judgment void for the reason: "First, there is no amount specified; second, there is no reference to papers of record in the injunction suit by which the amount could be fixed, and there are blanks which leave undetermined what amount or interest was intended to be given; and, third, the clerk could not issue execution on it without reference to other records." The injunction suit mentioned in the findings of the court was the suit in which the previous judgment was originally attempted to be rendered. This case, although negatively presenting the principle, infers that, if there had been some record in the particular cause

definitely stating an amount, and referred to in the decree attempting to pronounce the amount, the judgment would have been sufficient.

Black on Judgments, vol. 1, § 118, in commenting upon the maxim "That is regarded as certain which can be made certain," says: "We are unable to discover any good reason why this maxim should not apply to the amount of a judgment as well as in any other case. An obscure or ambiguous designation of the parties, or the subject-matter involved, may be construed, as we have seen, with reference to the other parts of the record. And, if the pleadings, or the verdict, show the actual amount of the recovery, without any doubt or room for mistake, it would seem that the judgment should not be considered invalid, at least as between the parties, for its failure to specify the sum awarded with precision." Black cites the case of Ellis v. Dunn, 3 Ala. 632, where it is said that: "A justice judgment 'that the plaintiff recover the sum as claimed in the above case' will be sustained, notwithstanding its informality, when the record shows that the action was assumpsit for $81, and defendant appeared and contested the claim." This author does say (section 118): "It must be admitted that the authorities hardly go to the length of sanctioning the rule here suggested, although the general principle of construing a judgment by the record is not disputed; but the cases certainly justify the statement that, if the judgment entry itself, without naming the amount of recovery, contains data which permits its calculation, a sufficient degree of certainty is attained." We think the authorities in this state, as well as of other states, clearly vindicate the rule, even stated as broadly as Mr. Black expresses it. Also Martin v. Teal (Civ. App.) 29 S. W. 691; Posey v. Green, 78 Ky. 162.

The replevy bond, to which the judgment referred as the amount of rendition, as well as the amount intended to be inserted in the blank space, we are entitled to presume, designated a definite figure, for which the obligors in that bond were bound; otherwise the pleader would have informed us it also was blank. If $15,000 was the amount of the replevy bond, which appellant claims was inserted in the blank space, then, under the decisions and the authorities cited and quoted from, holding that a judgment is certain which can be made certain from the record, that is the amount of the judgment.

[5] If $15,000 was the amount of the replevy bond, and the real amount of the judgment, was the insertion of such amount in words by the appellees, or by any other person at their direction, a material alteration of the judgment? assuming that appellant could analogize as to this insertion the principles of alteration of ordinary contracts, and declare the judgment void, because a contract, under similar circumstances, would

likewise be void. It is true it is held by the Supreme Court (Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56) that the change in a note by the payee so as to make it bear interest from date, instead of from maturity, as recited in the note, in order to make it conform to an oral agreement of the parties, when altered without a fraudulent intent, invalidates the note, although the debt exists. Judge Brown said that the change for the purpose of making the note correspond to the real agreement "releases the case of any fraudulent intent"; and in this case appellant does not inform us that the judgment was altered from one amount to another. If a note should read that it was a promise to pay $———, "the amount expressed on a certain deed," which was a consideration for land, would not the amount in the deed, by reference, constitute the amount of the note? And, if the payee should insert in the note the amount expressed in the deed, would the insertion be a material alteration? Justice Williams, when on the Court of Civil Appeals, in the case of Marx v. Luling Association, 17 Tex. Civ. App. 408, 43 S. W. 596 (writ of error denied), held that the legal effect of the signature "T. W. Pearce, Mgr.," was not materially altered by the erasure of the word "Mgr." He said: "The legal effect of the guaranty was the same after the erasure as it was before." If this judgment was corrected to the extent of an insertion in the blank space by the appellees of the figures "15,000" and that figure was the amount of the replevy bond, upon which the judgment was rendered, the legal effect of the judgment was not changed, and the insertion, if you could even call the same an alteration, was an immaterial one; as between the parties the legal effect of the judgment was the same.

[6] Appellant may say we are assuming when we use the figures and the hypothesis as indicated. As stated before, the statement of the conclusion in an equitable proceeding that this judgment is void is not an equity, but the question of its invalidity is solely referable to the allegations constituting its nullity. If the decisions and authorities are as we construe them, and if the record in this case states an amount certain and fixed, to which the judgment refers, in order to make a full disclosure to a court of equity, and present a material alteration of the judgment, that record should be shown; or, if it does not exist, should be negatived; otherwise we must assume that such averments cannot be made and sworn to.

[7] The provisions of article 4653, R. S. 1911, requiring that writs of injunction, when granted to stay proceedings or execution on a judgment, shall be returnable to and tried in the court in which such judgment was rendered, and subdivision 17, art. 1830, of the Revised Statutes, providing that suits brought to enjoin the execution of a judgment shall be brought in the county in which such judgment was rendered, do not mean a void judgment; but in a collateral proceeding, we understand the rule to be it must be shown that the nullity of the judgment sought to be enjoined in another court must appear from the judgment, or from the face of the record itself, and must not depend upon the establishment of facts aliunde the record. Cotton v. Rea (Sup.) 163 S. W. 2; Ketelsen v. Pratt Bros. & Seay (Civ. App.) 100 S. W. 1172; Moore v. Vogt (Civ. App.) 127 S. W. 234; Wheeler v. Powell (Civ. App.) 114 S. W. 689; Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 513; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 579; Seligson v. Collins, 64 Tex. 315. Hence, if the allegations with reference to the alleged change in the judgment are not such as to show that a material change was made as to invalidate the judgment, the court in which the record was made is the one that has jurisdiction to inquire into the fact by a direct proceeding brought for that purpose.

[8] Appellant however, contends that the abstract of judgment lien of record in Randall county, Tex., based upon the character of judgment exhibited in his pleadings, constitutes an incumbrance and a cloud upon the title to his property in that county, and could be, and should be, removed by the district court of that county.

The case of Leachman v. Capps, 89 Tex. 690, 36 S. W. 250, was an injunction suit to prevent the execution of a judgment rendered in another jurisdiction: First, because the party whose property the officer was commanded to seize and sell was not named in the writ; and, second, because the property seized by the officer was exempt from, and not subject to, the execution. The Supreme Court, by Chief Justice Gaines, said that, if it be conceded that the court granting the writ were without power to restrain such execution because issued from another court, on account of the statute requiring injunctions to be tried by the court where the judgment was rendered, an exception to so much of the petition as sought that relief should have been sustained, "or the court should, of its own motion, have declined to try such issues, and should have dismissed so much of the cause." However, "when a petition states two causes of action," in so far as the plaintiff sought to restrain the sale of the exempt property, the district court granting the injunction did have jurisdiction, and "the court is not deprived of jurisdiction over one because it may have no jurisdiction over the other."

The Supreme Court of the state, in the case of Cotton v. Rea, 163 S. W. 3, by Justice Phillips, considered a cause to some extent similar in status to that considered in Leachman v. Capps, supra, except in the latter case the injunction in the district court was an attempt to restrain the enforcement of a judgment of another court because of inherent invalidity, and, as in the Leachman-Capps Case,

also because of the seizure of exempt property. The challenge in the petition for the injunction in the Cotton-Rea Case questioning the judgment was unvailable, because the pleading failed to show a void judgment; but the Supreme Court again said that, with reference to the other alleged cause of action, based upon the exemption of the property from forced sale, the same was sufficient to invoke the jurisdiction of the court granting the injunction; and rather significantly said, as applicable here, that a "determination that it (the property) was not exempt, while decisive of the right to the relief, would not affect the court's power to entertain and hear the cause"; and further declared that "this power, which constitutes the jurisdiction of a court, may exist, though the pleading under which the suit is instituted is insufficient to sustain the action"—clearly holding in that character of case the insufficiency of the proof or pleading must not be "confused therefore with that of jurisdiction." The court has jurisdiction of such an issue, and the same is severable from the other, whether the pleading and proof is sufficient or insufficient. The troublesome question in this cause is upon the following consideration: Appellant seeks two grounds of injunction: First, an attempt to restrain the enforcement of an execution upon property, issued upon a judgment rendered in another jurisdiction, which, according to our view, is not void, and with reference to which the district court of Randall county has no jurisdiction; second, he alleges that such judgment, which, under the pleading, is not invalid, is insufficient to support an abstract of judgment lien recorded in Randall county, and that the same constitutes a cloud upon his real estate in that county.

We have a statute (subdivision 14 of article 1830, R. S. 1911) which is also a venue statute, and which provides, that "suits for the recovery of lands or * * * suits to remove encumbrances upon the title to land, suits to quiet the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

In this case, when the appellant alleges that the abstract of judgment lien, based upon the judgment rendered in the cause litigated in the other jurisdiction, is a cloud upon the title to his property, though assuming that the allegations may not be sufficient upon the merits for the purpose of invoking the aid of a court of equity to remove the alleged incumbrance from his title, however, the question remains: Does the statute last quoted afford the criterion of jurisdiction applicable to these pleadings, or does some other statute or rule of law deny the jurisdiction to Randall county upon that issue, and require that part of the case, with the other, to be returned to the district court of Deaf Smith county, where the judgment was rendered? In accordance with the principles

enunciated in the Leachman-Capps Case and the Cotton-Rea Case, supra, if the allegations to remove cloud from title, based upon the alleged invalidity of the judgment rendered in the cause in Deaf Smith county, were of a nature to give Randall county original jurisdiction, it would be the duty of that court to retain jurisdiction, as to that feature of the cause, and also disregard the feature of the cause attempting to enjoin the execution and levy upon the property of appellant seized in Lubbock county, notwithstanding appellant resides in Randall county. Conceding, though not specifically deciding it, for the reason that the lower court has never decided it germane to the particular proposition, that the allegations upon the question of removing the incumbrance as a cloud are insufficient upon the merits for that purpose, if, however the district court of Randall county had jurisdiction for that purpose, its duty would have been, unless appellant had elected, to have held the case for the demurrers to the merits and sustain the same, and to have disregarded the other features of the cause. The court first obtaining jurisdiction, if the petition shows jurisdiction for any purpose, is the one that holds the cause. Justice Stayton, in the case of Bender v. Damon, 72 Tex. 92, 9 S. W. 747, touched somewhat upon the question. The pleadings there involved, referred to in the opinion, are obscure. We infer that the action was for the purpose of annulling the sale and sheriff's deed, made by virtue of a judgment rendered in a proceeding in another county. The trial court, in that case, sustained a general demurrer to the petition of the appellant, Bender. He had alleged that the judgment against him was a void judgment, because he was never cited to appear, and did not appear in person or by attorney in the other proceeding in which the judgment was rendered, and that he was a nonresident of the state, and that the judgment was void; for that reason—the void judgment—the district court of Ellis county had jurisdiction. He also "sought to remove cloud from his title, * * * and, to obtain this relief, he undertook to show that appellees were claiming under a sheriff's sale and deed under an execution issued from the district court of Navarro county," and Justice Stayton further said: "Some of the facts which he alleged to show the *invalidity of that judgment*, execution, and sale were such as might entitle him, by a proper proceeding, to have had them vacated, but not such as to render them void." Again the Supreme Court said: "The fact that appellant may have sought specific relief that could not be given to him by the district court of Ellis county furnishes no reason why that court should not adjudicate the question of title to land situated in that county, without reference to the fact that the defendants were not residents of that county." It is noted that in that case the allegations seeking to remove the

cloud from the title were for the purpose of canceling a deed, we presume upon record, in Ellis county. We know from the briefs of counsel, reported in that cause, that the Supreme Court had under consideration the statute giving the jurisdiction to remove incumbrances upon the title to the district court of the county where the land lies; and it held that the allegations of fraud, for the purpose of impeaching the judgment and thereby attempting to remove the deed as an incumbrance, did not give the jurisdiction to the county in which the land was situated, but that the jurisdiction was referable to the county in which the judgment was rendered. The attempt to cancel the deed in that cause as a cloud upon the title to the land is somewhat analogous to the attempt in this cause to cancel the abstract of judgment lien of record. It has always been the rule, without the necessity of citing any authorities upon the particular subject, that, where a judgment has been obtained by fraud, and where there are irregularities in the process under which a sale of property has been made, the jurisdiction of the court rendering the judgment is the one to invoke, when the judgment is not absolutely void, and not so shown upon the record.

In this cause the plaintiff prays for a writ of injunction restraining the "defendants from proceeding further with the sale advertised, and enjoining them from making any further levies or doing anything further under the said judgment or execution until final hearing hereof, that the injunction be made permanent, and that said judgment be declared void, and that the cloud upon the title of the real estate of the plaintiff located in Randall county by virtue of the record of the abstract of judgment be removed, and said abstract of judgment be declared void"; and a further prayer for general relief. The court, in granting the temporary writ met this prayer in full, as noted in the order of the court heretofore quoted by us.

The statute of injunctions (article 4643, subd. 1) provides: "Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant." The comprehensive prayer and the broad order of the court in granting the temporary writ would have restrained the appellees from bringing an action on the judgment to foreclose the abstract of judgment lien, or issuing an execution upon such judgment to sell land in Randall county, divesting the lien by virtue of the recorded judgment. We presume, however, although a prayer is a very essential part of a petition for injunction, that appellant would contend that the "cause of action, under our system of pleading, depends upon the facts stated in the petition that are appropriate for a recovery, rather than upon the particular breach laid or the specific relief prayed, where there is a general prayer for relief, * * * whether the specific relief as specially prayed be granted or not." Lee v. Boutwell, 44 Tex. 151. Whether we regard the allegations alleging the abstract of judgment lien as an incumbrance, to be removed as a cloud upon the title, disassociated from the injunction and prayer, or whether we regard this whole suit as one of injunction, we think the district court was correct in sustaining the appellee's exception, and in changing the venue to the district court of Deaf Smith county.

[9] We do not agree with appellee that this cause sounds in jurisdiction as contradistinguished from venue, and that the district court of Randall county should have dismissed the cause instead of transferring it to Deaf Smith county; and, upon the record, the order of the district court is affirmed.