## No. 10,746.

## SMITH v. SMITH.

Decided July 7, 1924.   Rehearing Denied November 10, 1924.

Action for unlawful detainer.   Judgment for defendant.

### *Reversed.*

1. JUDGMENT—*Collateral Attack.*   A decree of the district court cancelling a homestead entry cannot be collaterally assailed although defendant did not appear or defend.

2. *Sheriff's Deed—Homestead.*   The contention by a defendant that a sheriff's deed was void because of a homestead on the

property, overruled, it appearing that the homestead entry had been cancelled by judicial decree.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN HIPP, Mr. JOSEPH N. BAXTER, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action for unlawful detainer brought by the plaintiff in error in the justice court. The allegation of title in the plaintiff was put in issue by the verified answer of the defendant, and the case was certified to the district court, where the trial, without a jury, resulted in a judgment for the defendant. Plaintiff below brings the case here for review.

Mary A. Smith, who died intestate November 1, 1919, was the wife of plaintiff and the mother of defendant. She homesteaded the premises in controversy in 1913. The defendant, the plaintiff's son, married in 1911, and made his home with his parents on the premises now in controversy. In 1917, without the knowledge of the plaintiff, the mother conveyed the premises to the defendant, but he did not place the deed of record until after the death of the grantor. On September 7, 1920, the defendant made a formal entry of a homestead on the margin of the record of the deed to him from his mother. The plaintiff thereafter brought suit against the defendant and his wife to cancel the deed from Mary A. Smith to the defendant, on the ground that the instrument was testamentary in character and void, because the homestead entry of Mary A. Smith, his wife, inured to his benefit under the statute, and

also to cancel the homestead entry made by the defendant on the margin of the deed of his mother to him. In that suit the defendant filed no answer. The court entered a decree finding that W. H. Smith, the plaintiff, and the defendant Thurston H. U. Smith, were the sole and only heirs at law of Mary A. Smith, deceased, and that each of them were owners of an undivided one-half interest in the property. And the court further found and decreed "that the alleged homestead entry of said property by the defendant on the records of said City and County of Denver, made on the 7th day of September, 1920, is also null and void and ought to be cancelled of record, and it is therefore considered, adjudged and decreed that the said homestead entry be and the same is hereby cancelled of record, and the said homestead entry is hereby declared null and void." Thereafter the plaintiff, as administrator of the estate of Mary A. Smith, deceased, recovered a judgment against the defendant for $2,000, and, by virtue of an execution issued on the judgment, caused to be sold at sheriff's sale the interest of defendant in the premises in controversy, and plaintiff received in his own name a sheriff's deed therefor dated March 6, 1923.

It is contended by defendant that the sheriff's deed to plaintiff was void because of his homestead entry dated September 7, 1920, and that the attempted sale of the premises under execution did not realize a sum in excess of the defendant's homestead exemption under the statute. This contention cannot be sustained. The defendant's homestead exemption was not then in existence. His homestead entry of September 7, 1920, had been previously cancelled and adjudged null and void by the decree of the district court, and that decree cannot be collaterally assailed. The defendant did not defend in that proceeding, but nevertheless the decree there entered cancelling his homestead concludes him in this action. The judgment, levy and execution sale, and the sheriff's deed conveying defendant's undivided one-half interest in the premises to the plaintiff, left the defendant without any right or title to

the premises. The judgment below should have been for the plaintiff.

The judgment is reversed and the case remanded, with directions to enter judgment for the plaintiff.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.