## W. T. RAWLEIGH CO. v. LITTLE.
### No. 3463.

Court of Civil Appeals of Texas. Amarillo.
Oct. 15, 1930.

Rehearing Denied Nov. 5, 1930.

Nordyke & Pardue, of Lubbock, for appellant.

Bills & Hazel, of Littlefield, for appellee.

RANDOLPH, J.

The appellant, as plaintiff below, filed this suit in the district court of Lamb county, Tex., against appellee, as defendant, to recover the sum of $1,588.08, together with interest at 6 per cent. per annum from the 26th day of April, 1926, alleged to be due and owing by the defendant to the plaintiff upon a judgment in favor of the plaintiff and against the defendant in the district court of Bryan county, Okl., and for all costs of that suit.

The defendant answered by general demurrer and general denial and by special plea collaterally attacking the judgment declared upon as being void for the reason that the district court of Bryan county, state of Oklahoma, was without jurisdiction of the person of appellee, in that he was not served with any process, citation, or summons issued out of said court in said cause or in any other suit against appellee, and that he never entered his appearance or confessed judgment in any such suit. Further, defendant pleads that said judgment is null and void and without force, because that at the time said suit was filed in the district court of Bryan county, Okl., and for a long time prior thereto and at the time said purported judgment was rendered in said cause on the 25th day of May, 1927, this defendant did not reside in Bryan county, Okl., or in any other county or place in Oklahoma, but that he resided in the state of Texas at the time said suit was filed, and for a long time prior thereto and at the time said purported judgment was rendered and at the time of the filing of the suit, such defendant was making the state of Texas his permanent residence and place of abode. Further, defendant alleges that he did not know that a judgment had been rendered against him in said cause in Bryan county, Okl., until a long time after May 25, 1927, and until the filing of this suit, and further in this connection says that no summons or process of any nature whatever was served on this defendant in said cause in the district court of said Bryan county, Okl.

There are a number of questions presented by the record on this appeal, but in our opinion our decision upon the questions which present the invalidity of the judgment of the Bryan county court will dispose of the case

on this appeal and render unnecessary the decision of the other questions.

The questions arising on the attack on the judgment are: First, do the recitals contained in the judgment of the district court of Bryan county, Okl., that each of the defendants in that cause are found by the court to have been duly and legally served in the time prescribed by law with personal service of summons therein, preclude such judgment from attack, it being a foreign judgment? Second, the defendant having testified that he was not a resident of the county of Bryan and state of Oklahoma at the time of the filing of the suit or at the time the judgment was rendered and was not in the state of Oklahoma at such times, but on the contrary that he was at those times a resident of the state of Texas, does this authorize the trial court in this cause to instruct the jury to bring in a verdict for the defendant and authorize said trial court to render a judgment against the plaintiff?

If the defendant was never during such time of the filing of the suit and the rendition of the judgment by such foreign court a resident of the state of Oklahoma and was not in said state at any such times, then a fraud was practiced upon the jurisdiction of the district court of Bryan county, Okl., and such judgment was and is void.

The defendant and his witnesses testified as stated above and no witness disputed such evidence upon the question of the defendant's residence. This being true, it is apparent that he was not within the jurisdiction of the Bryan county district court, Okl., at the time of the filing of the suit and the rendition of the judgment against him in Oklahoma.

██ The attack made upon the judgment of the Bryan county district court is purely a collateral attack, and in order to entitle the defendant to make such attack, the judgment must have been void as rendered, and to support this proposition we cite and discuss the following authorities:

In the case of Bender v. Damon, 72 Tex. 92, 9 S. W. 747, 748, the rule is laid down by the Supreme Court of Texas where the plaintiff's petition alleged that the defendants asserted title to land owned by him through a judgment obtained by them which appellant alleges was obtained in a suit against him wherein he had not been cited to appear and in which he did not appear, either in person or by attorney, and in fact alleges his entire ignorance of the pendency of such action in that case, the Supreme Court holds:

"If a judgment be void, it is not necessary that the party against whom it is entered have it set aside by a proceeding for that purpose; but, in a collateral proceeding in any court, he may show its nullity."

In the case of Parker v. Spencer, 61 Tex. 155, it is held that a judgment did not affect a party who had not been served, but who on the record appeared by an attorney not authorized to so appear and that as he had not been made a party by any of the necessary methods required by law, he would not be bound by the judgment. But he had the option either to have the judgment vacated by direct proceedings or else to treat it as void in any collateral proceeding where rights might be asserted against him by reason of the same.

The holdings in the last-named cases were approved by the United States Supreme Court in the case of Cooper v. Newell, 173 U. S. 555, 19 S. Ct. 506, 43 L. Ed. 808. That court also held that evidence aliunde the record was admissible to contradict the recitals in the judgment.

In the case of Ferrell-Michael Abstract & Title Co. et al. v. McCormac et al. (Tex. Civ. App.) 184 S. W. 1081, 1089, Chief Justice Conner of the Fort Worth court lays down the rule to be:

"In this connection, however, we think it should be noted that the authorities make a distinction between judgments of domestic courts and judgments rendered by courts of other states, or personal judgments against a nonresident, or judgments by courts deriving their authority from another sovereign power. Judgments of the latter classes may be attacked in a collateral proceeding on the ground of a want of jurisdiction over either person or subject-matter, even by evidence dehors the record, and by persons who are parties or privies on the face of the proceeding. Cooper v. Newell, 173 U. S. 555, 19 S. Ct. 506, 43 L. Ed. 808; 1 Black on Judgments, § 270; Bender v. Damon, 72 Tex. 92, 9 S. W. 747."

In the case of Cotton v. Rhea, 106 Tex. 220, 223, 163 S. W. 2, 4, the Supreme Court of Texas reaffirms the rule as laid down in the Bender Case, and says:

"Our view is that, if the judgment was a nullity as affirmatively disclosed by the record, it was subject to such collateral attack in any competent court otherwise vested with jurisdiction of the immediate action in which it might be challenged; that the authority of the court to restrain the enforcement of such a judgment is uncontrolled by article 4653, but proceeds from its power, in the exercise of a jurisdiction otherwise appropriately invoked, to protect rights from the operation of a void proceeding. Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Ketelson v. Pratt Bros. (Tex. Civ. App.) 100 S. W. 1172."

It appearing from the uncontradicted evidence in the record that at the time of the filing of the suit and the taking of the judgment in the district court of Bryan county, Okl., the defendant in the case at bar was not a resident of the state of Oklahoma and not subject to its processes, but was a resident of

the state of Texas and was not within the jurisdiction of the said Bryan county district court, the trial court in this case did not err in instructing the jury to return a verdict against the plaintiff or in rendering judgment holding the judgment of the district court of Bryan county void. We therefore affirm the trial court's judgment.