**W. W. CARTER, Sr. et al., Appellants,**

v.

**G & L TOOL COMPANY OF UTAH, INC.,**
**Appellee.**

No. 14669.

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1968.

George F. Manning, San Antonio, for appellants.

Hooper & Perry, Abilene, Sawtelle, Goode, Troilo Davidson & Leighton, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment rendered against appellants, W. W. Carter, Sr., and W. W. Carter, Jr., d/b/a Carter & Carter, in the District Court of Bexar County, Texas, in a suit upon a Colorado judgment rendered for appellee, G & L Tool Company of Utah, Inc., in the sum of $28,669.86.

Appellants present two points of error: "FIRST POINT. This case should be reversed and rendered because the court held that the Colorado judgment is a final and valid judgment and is entitled to full faith and credit in the State of Texas. SECOND POINT. This case should be reversed and rendered because the court held that all requirements of due process to appellants were satisfied in the Colorado litigation which resulted in the judgment here under attack."

The trial court made findings of fact and conclusions of law, which may be summarized as follows:

FINDINGS OF FACT. That appellants employed H. M. Schermerhorn, a Colorado attorney, to represent them as their attorney in Civil Action 5282 in the District Court for Garfield County, Colorado, which Court was one of general jurisdiction in Colorado; that such attorney appeared on behalf of appellants in said Colorado suit by filing an answer to the complaint of Lane-Wells and by requesting a continuance for time to file an answer to the cross-claim of appellee's predecessor, Cortez Fishing Tools, Inc.; that appellants and their attorney of record were given notice that a default judgment would be entered against appellants in the Colorado suit prior to the actual rendition of the Colorado judgment; that said Colorado judgment dated December 12, 1963, had not been appealed, reversed or vacated and is a final judgment remaining in full force and effect; that such Colorado judgment has not been satisfied in whole or in part; that the rights of Cortez Fishing Tools, Inc., to enforce the judgment in the Colorado suit were assigned to appellee.

CONCLUSIONS OF LAW. (1) The judgment against appellants in the Colorado suit is a final and valid judgment and is entitled to full faith and credit in the State of Texas. (2) Appellants entered a general appearance in the Colorado suit and the Colorado Court had jurisdiction over the subject matter of the litigation and jurisdiction over the person of the appellants. (3) All requirements of due process to appellants were satisfied in the Colorado suit.

No statement of facts has been filed in connection with this appeal and, in the absence of a statement of facts, the trial court's findings of fact are binding on the appellate court, and it must be presumed that the evidence was sufficient, and every fact necessary to support the findings and judgment was proved at the trial. Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); Phillips v. American General Insurance Co., 376 S.W.2d 808 (Tex.Civ.App. —Amarillo 1964, no writ); Nuse v. Kormeier, 351 S.W.2d 382 (Tex.Civ.App.—Austin 1961, no writ); Chapman v. Harris, 231 S.W.2d 549 (Tex.Civ.App.—Texarkana 1950, no writ).

It is fundamental that a State must, under Art. 4, § 1, of the Constitution of the United States, give the final judgment of a sister state the same force and effect as it is entitled to in the state in which it is rendered. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82; Commonwealth

of Massashusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942).

Appellee expressly plead the judgment dated December 12, 1963, entered in the District Court of Garfield County, Colorado in Civil Action No. 5282, and an authenticated copy of such judgment, together with other court proceedings in said cause, is contained in an exhibit to appellee's motion for summary judgment filed in the Bexar County suit. The parties by stipulations agreed: (a) That the court proceedings contained in such exhibit had been certified by both the Clerk and Judge of the District Court for the County of Garfield, State of Colorado, and could be admitted into evidence without any objections to the authenticity or admissibility thereof, any objections being waived. (b) That such Colorado judgment against appellants was a final judgment remaining in full force and effect. (c) That the District Court in and for the County of Garfield and State of Colorado, at all times relevant to the controversy herein, was a court of general jurisdiction in the State of Colorado. (d) That such Colorado judgment had been assigned by Cortez Fishing Tools, Inc., to appellee herein, and that appellee is entitled to recover against appellants any sum which Cortez Fishing Tools, Inc., would be entitled to recover.

Said judgment, which is dated December 12, 1963, recites due and regular notice to appellants; that the Court received the evidence submitted to the Court for consideration and decision, and found that Cortez Fishing Tools, Inc., is entitled to have judgment against appellants in the sum of $28,669.86, and that by reason of the law and the evidence, "it is ORDERED, ADJUDGED AND DECREED by the Court that * * * Cortez Fishing Tools, Inc. have judgment against * * * W. W. Carter, Sr. and W. W. Carter, Jr., dba Carter and Carter, for the sum of $28,-669.86."

Appellants' contentions under their first point of error are based on two premises:

(a) that appellants were never served personally with the answer and cross-claim of appellee in the Colorado suit, and the Colorado court was without jurisdiction; (b) that the judgment rendered by the District Court of Colorado against appellants in the sum of $28,669.86 was in excess of the amount demanded by appellee in its cross-complaint, and was in violation of and contrary to the Colorado Rules of Civil Procedure.

In the stipulations agreed to by the parties and filed in the trial court of Bexar County, Texas, it was stipulated that appellants were personally served with a copy of the original complaint of Lane-Wells Company in Civil Action 5282 in the District Court of Garfield County, Colorado, together with a summons to answer it within 20 days; and also that appellants conducted oil and gas exploration in Garfield County, Colorado, prior to the filing of the original complaint. The transcript before us contains, among others things, the following: (a) The original complaint in Cause No. 5282, in which Lane-Wells Company was plaintiff, and appellants, together with other parties including Cortez Fishing Tools, Inc., were defendants. (b) A motion to dismiss filed in said cause under date of March 31, 1961, by H. M. Schermerhorn as attorney for appellants on the ground that said complaint fails to state a claim against appellants upon which relief can be granted. (c) An order of dismissal dated August 13, 1962, wherein it is recited that W. W. Carter, Sr., and W. W. Carter, Jr., d/b/a Carter & Carter, appeared by their attorney, H. M. Schermerhorn, and that said Complaint is dismissed as to all parties defendant, but that such dismissal "is entered with the understanding and on condition that the same is not to affect or prejudice the rights of Cortez Fishing Tools, Inc. to prosecute final judgment on the Cross-Claim filed by it, nor shall the same affect or prejudice the right of other defendants to either move against or defend against said Cross-Claim." It is further ordered that appellants "are

to file their answer to said Cross-Claim within twenty (20) days from this date."

In its findings of fact, the trial court of Bexar County found that H. M. Schermerhorn appeared on behalf of appellants in said Colorado suit by filing an answer to the Lane-Wells complaint and by requesting a continuance for time to file an answer to the cross-claim of Cortez Fishing Tools, Inc. In the absence of the filing of a statement of facts herein, this Court must presume that the evidence was sufficient to support the trial court's finding in this regard.

■ Where a cross-claim seeks affirmative relief against a co-defendant who has not appeared in the action, notice thereof must be given by service of process. Process is not required, however, if the defendant has filed his answer to plaintiff's petition or has otherwise appeared in the action, since such appearance brings him before the court for all purposes and charges him with notice of the cross-claim, whether it be filed before or after his appearance in an answer to plaintiff's demand. Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136 (1917); 2 McDonald, Texas Civil Practice § 7.56, p. 721.

■ A non-resident defendant by appearing and filing an answer to plaintiff's petition gives the court jurisdiction over his person. Clark v. O'Donell, 68 Colo. 279, 187 P. 534. The filing of an answer in Colorado constitutes a general appearance. Farmers Life Ins. Co. v. Connor, 82 Colo. 81, 257 P. 260; Union Pac. Ry. Co. v. De Busk, 12 Colo. 294, 20 P. 752, 3 L.R.A. 350 (Colo.Sup.Ct.); Sanders v. Black, 136 Colo. 417, 318 P.2d 1100.

■ A defendant who, although not personally served with process, appears in the

first instance in a cause and asks for an extension of time to plead, or for a continuance, is ordinarily considered to have appeared generally, and thereby waived any objections to the jurisdiction of the court over his person. 81 A.L.R. p. 166; 5 Am. Jur.2d, Appearance, §§ 24 and 25.

■ This Court, in Liddell v. Blevins, 244 S.W.2d 335 (1951, writ ref'd n. r. e), in discussing the presumption in favor of a judgment of a sister state, quoted from Texas Jurisprudence and Mitchell v. San Antonio Public Service Co., as follows:

"'If an authenticated judgment appears on its face to be a record of a court of general jurisdiction, jurisdiction over the cause and the parties will be presumed unless disproved by extrinsic evidence or by the record itself.' 26 T.J., Judgments, § 590.

"'It is settled rule in Texas that a judgment of a court of competent jurisdiction cannot be collaterally impeached unless the record affirmatively shows the want of jurisdiction. Williams v. Haynes, 77 Tex. 283, 13 S.W. 1029; Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452.' Mitchell v. San Antonio Public Service Co., Tex.Com.App., 35 S.W.2d 140, 142."

See also 34 Tex.Jur.2d, Judgments, § 344. The record before us does not support appellants' contention that the Colorado Court was without jurisdiction over appellants herein.

In support of their contention that the Colorado judgment is void because it is in excess of the amount prayed for in appellee's cross-action against appellants, appellants rely on and cite certain portions of Rule 54 [1] and Rule 55 [2] of the Colorado Rules of Civil Procedure.

1. "Rule 54(c) Demand for Judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. (Code Sec. 187.)"

2. "Rule 55(f) Judgment on Substituted Service. In actions where the service of

The attack made by appellants on the Colorado judgment is a collateral attack, and in order for such an attack to be successful the judgment must be void. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942); W. T. Rawleigh Co. v. Little, 32 S.W.2d 214 (Tex.Civ.App.—Amarillo 1930, writ ref'd); 34 Tex.Jur.2d 385. If the court has jurisdiction, a judgment entered by default is as conclusive against collateral attack as any other form of judgment. 49 C.J.S. Judgments § 404, p. 800; 34 Tex.Jur.2d, Judgments, § 373; Smith v. Smith, 76 Colo. 119, 230 P. 597.

The copy of the original cross-complaint of Cortez Fishing Tools, Inc., against appellants is included in Exhibit "A" to appellee's motion for summary judgment and appears to be restricted to a demand of approximately $14,000, and a prayer for general relief. However, said Exhibit also contains an instrument filed in said cause more than sixty days prior to the rendition of the Colorado judgment, sworn to by an officer of Cortez Fishing Tools, Inc., stating that the amount due and owing Cortez Fishing Tools, Inc., by appellants is the sum of $28,669.86, with a prayer that judgment be entered in favor of Cortez Fishing Tools, Inc., against W. W. Carter, Sr., and W. W. Carter, Jr., d/b/a Carter & Carter, in the sum of $28,669.86. Whether this is a proper demand for such amount under the Colorado law depends upon the construction a Colorado Court would place on such instrument when taken together with the other pleadings in said cause.

Liberal presumptions are indulged when a judgment is assailed in a collateral proceeding on the theory that the pleadings were insufficient. Jackson v. Slaughter, 185 S.W.2d 759 (Tex.Civ.App.—Texarkana 1944, writ ref'd want of merit); Conner v.

McAfee, 214 S.W. 646 (Tex.Civ.App.—Amarillo 1919, writ ref'd); 34 Tex.Jur.2d, Judgments, § 350; 49 C.J.S. Judgments §§ 430, 433. Appellants not only had the burden of establishing that the Colorado judgment was not supported by the pleadings, but also of establishing that such judgment was void. Appellants have cited no Colorado cases in support of their contention that such a judgment is void.

Where it appears from the record that the court has jurisdiction of the parties to and the subject matter of the suit, the judgment is not void. Gehret v. Hetkes, 36 S.W.2d 700 (Tex.Comm'n· App. 1931, jdgmt adopted); Jackson v. Slaughter, supra; Benson v. Mangum, 117 S.W.2d 169 (Tex.Civ.App.—San Antonio 1938, writ refused). Our Supreme Court in Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, 592 (1891), said: "A proposition that a judgment of a district court could be attacked in a collateral proceeding because pleadings were defective, if the court had jurisdiction of the subject-matter and the parties, would not be advanced, and it would be readily conceded that, however erroneous such a judgment might be, it would be conclusive on the parties until set aside by some direct proceeding for that purpose; and we are of opinion that this would be true even if the pleadings were so defective as to be bad on general demurrer, as to present no issue of fact." In Kendall & Harcourt v. Mather, 48 Tex. 585, 598 (1878), it is stated: "The alleged vice rendering the judgment, as appellee's counsel insist, absolutely void, is that the prayer in the petition does not justify the judgment. The court, it is not controverted, had jurisdiction of the parties and subject-matter of the suit. This being the case, the objection to the judgment, at most, is for error, and not nullity." See also Edwards Feed Mill, Inc. v. Johnson, 158 Tex.

summons was by publication, mail, or personal service out of the state, the plaintiff, upon expiration of the time allowed for answer, may upon proof of service and of the failure to plead or otherwise

defend, apply for judgment. The court shall thereupon require proof to be made of the claim and may render judgment subject to the limitations of rule 54(c). (Code Sec. 186.)"

313, 311 S.W.2d 232 (1958); Cities Service Oil Co. v. Green, 251 S.W.2d 906 (Tex. Civ.App.—Texarkana 1952, writ ref'd n. r. e.); Smith v. Pegram, 80 S.W.2d 354 (Tex.Civ.App.—Amarillo 1935, writ ref'd); Ritch v. Jarvis, 64 S.W.2d 831 (Tex.Civ. App.—Texarkana 1933, writ dism'd).

On the basis of the record before us, appellants did not meet and overcome the presumed validity of the Colorado judgment. Appellants' first point of error is overruled.

Appellants' second point of error is that trial court erred in holding "that all requirements of due process to appellants were satisfied in the Colorado litigation which resulted in the judgment here under attack." They assert that a judgment obtained in violation of due process is not entitled to full faith and credit when sued upon in another jurisdiction. Appellants contentions in support of this point of error are basically the same as under their first point, namely, lack of notice and the entry of a judgment in the Colorado suit in excess of the relief asked for by appellee.

We have heretofore discussed in some detail the matter of notice and held that under the record appellants were properly before the court at the time of the rendition of the Colorado judgment, and that the Colorado Court had jurisdiction of the parties and subject-matter of the suit at such time. In addition to the matters heretofore discussed with regard to notice, the record discloses that throughout the proceedings in the Colorado Court, appellants, either personally or through their attorneys, were sent various notices with regard to the cross-complaint of appellee and were ordered to file an answer to such cross-complaint or a default judgment would be entered against them. It also appears the notice of the application for default judgment, under which the judgment was finally entered, was mailed both to appellants and to their attorneys more than seventy-five days prior to the rendition of the default judgment.

Due process cannot be predicated on lack of diligence. The Supreme Court of Colorado in Woodside v. People, 137 Colo. 485, 326 P.2d 980 (1958), had before it the question of whether a judgment entered by a trial court was void for the reason that Woodside had no actual notice of the hearing. In holding that such judgment was not void, the Court stated: "A party to an action cannot enter a general appearance therein, and thereafter walk away from the action and secrete himself and expect by such conduct to prevent the court from acting." See also Spivey v. Saner-Ragley Lumber Co., 284 S.W. 210 (Tex.Comm'n App.1926, jdgmt adopted), where the Court said: "Whenever a defendant appears in a suit, he is presumed to be present in court, and cognizant of all subsequent proceedings in the cause."

With regard to appellants' complaint as to entry of a judgment in favor of appellee in excess of the demand, we have heretofore discussed in some detail that appellants failed to meet their burden of establishing this matter affirmatively, and did not overcome the presumptions which existed in favor of the validity of the judgment.

The Supreme Court of the United States in Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268, stated that "Due process cannot create or enlarge power. * * * It has to do, as taught by the Government's own cases, with the denial of that 'fundamental fairness, shocking to the universal sense of justice.' * * * It deals neither with power nor with jurisdiction, but with their exercise." The record before us does not reveal such a denial of fundamental fairness. It cannot be said that under the record appellants had no notice of the proceedings against them, or that they did not have an opportunity to defend themselves. Under the record before us, it cannot be said that the maintenance of the Colorado suit against appellants and entry of the judgment against them offends traditional notions of fair play and substantial justice. See International Shoe Co. v. State of

Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 233 (1957); O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex. Sup.1966). Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.