Melody Tune DOUTHIT, Appellant,

v.

Nellie Daizolu ANDERSON et al., Appellees.

No. 18488.

Court of Civil Appeals of Texas,
Dallas.

Feb. 27, 1975.

Rehearing Denied March 13, 1975.

———◆———

Robert F. Begert, Burford, Ryburn & Ford, Dallas, for appellant.

James A. Johnston, Johnston & Dixon, Dallas, for appellees.

GUITTARD, Justice.

This garnishment proceeding was brought by an attorney to collect a fee from a former divorce client. The application for garnishment is based on the divorce decree, which is alleged to have adjudicated the amount of the fee and the client's liability for it. The garnishee bank answered that it was indebted to the former client, and the client intervened, denying the existence of a "valid, subsisting and final judgment against her."[1] The trial court heard the evidence without a jury and denied recovery. We affirm on the ground that the divorce decree made no valid adjudication as between attorney and client.

The divorce court had no power to make a valid adjudication between attorney and client because no pleadings raised any issue or controversy between them. Litigation requires a controversy, and a controversy requires adverse parties. A person is not bound by a judgment except

---

1. The applicable statutes, Tex.Rev.Civ.Stat. Ann. art. 4076(3) (Vernon's 1966) authorizes garnishment based on "a valid, subsisting judgment."

to the extent he, or someone representing him, had an adequate opportunity, not only to litigate the matters adjudicated, but to litigate them against the party who seeks to use the judgment against him. Davis v. First National Bank, 139 Tex. 36, 161 S. W.2d 467, 472, 473 (1942). Consequently, the court's power to render judgment is limited by pleadings, and a judgment unsupported by pleadings is void. Davis v. First National Bank, *supra*; Hart v. Hunter, 52 Tex.Civ.App. 75, 114 S.W. 882, 886 (Forth Worth 1908, writ ref'd).

▪ We have examined the pleadings in the divorce action and find that the attorney made no claim against the client for this fee.[2] The only claim for an attorney's fee was made on behalf of the client against the respondent-husband. The divorce petition alleges that petitioner-wife had been compelled to employ an attorney and had agreed to pay a reasonable fee, which was alleged to be $1500, and prayed judgment against respondent-husband for the amount of such fee to be paid out of the husband's share of the community property. This pleading cannot be construed as a claim invoking the court's jurisdiction to decide the amount of the fee as between the attorney and client, because the client would have had no occasion or opportunity to answer or contest this claim. Consequently, the provision in the divorce decree, "[e]ach party to pay their own attys fee of $3,000.00 each,"[3] upon which the attorney now relies, has no force as a judgment against the client, and will not support a writ of garnishment.

The attorney contends that the pleading requirement is satisfied by a "motion of intervention" filed in a subsequent contempt proceeding in the divorce action. No other papers filed in the contempt proceeding are before us, but we gather from the "motion of intervention" that the former husband was attempting to enforce compliance with the property-settlement provisions of the divorce decree. The attorney's "motion of intervention" alleges that the court had allowed her a fee of $3,000 in the original decree and prays that the former client be held in contempt until this amount should be paid.

▪ Apart from the legal and ethical questions arising from this effort of an attorney to use the court's contempt powers to collect a debt for legal services, we hold that the "motion of intervention" provides no support for the earlier decree because the client had no opportunity to answer or contest the motion before entry of that decree. Neither can it be held to raise a new issue to be decided later by the court, since we do not have before us any order disposing of the contempt action, and the application for writ of garnishment is not based on such an order.[4]

▪ Finally, the attorney argues that the original decree is a valid and effective judgment for the attorney's fee because it is based on an agreement of the parties, which dispenses with the usual requirement of pleadings. We find no merit in this contention because we see no indication in the decree or otherwise that the client agreed to a judgment against her for the

2. A serious question arises as to whether an attorney representing a client in a suit against a third party is in a position to assert in the same suit a claim for a fee against the client, who is not otherwise represented by counsel. On this point see the recent opinion in Masters v. Stair, 518 S.W.2d 439 (Tex.Civ.App.—San Antonio, January 15, 1975.)

3. This provision has been inserted in handwriting in the typewritten decree. After the writ of garnishment was served, a "corrected judgment" was entered naming the attorneys

for each party and adding to the quoted provision the words, "for which let execution issue." Because of the lack of pleading, we do not reach the questions of validity and effect of this document.

4. Neither can this "motion of intervention" be held to raise an issue decided by the court on entry of the later "corrected judgment," since the "corrected judgment" purports to be a correct statement of the actual adjudication made at the time of the original decree rather than an adjudication of issues raised subsequently.

attorney's fee. The decree recites, "All parties appeared in person by and through their attorneys of record and announced ready for trial," and contains the usual provisions dissolving the bonds of matrimony. It further recites that the parties "have entered into an agreement settling their community property rights," and sets out in detail the terms of this agreement, which includes a provision that "the Court shall set the attorney fees to be paid to Petitioner's attorney." This provision of the recited agreement between husband and wife goes no further than to authorize the court to set the amount of the fee to be recovered by the petitioner-wife against the respondent-husband in accordance with the wife's pleading on file.

The agreement does not, however, specify which party should pay the fee. That question was apparently left open, and the court decided it against the wife. Thus, the decree provides that the wife "is financially able to pay for her own attorney's fees and that the attorney's fees requested by her were not necessary for her to prosecute this action." Nothing in the decree indicates that the wife agreed to this finding, or that she agreed that the court should fix the amount of the fee she should pay in the event the court should deny recovery of the fee from the husband. Likewise, nothing in the decree suggests any agreement by the wife to that part of the decree providing "[e]ach party to pay their own attys fees of $3,000 each," which is now relied on to support the garnishment.[5] Consequently, we hold that this provision cannot be regarded in this garnishment proceeding as a valid judgment based on an agreement between attorney and client.

This proceeding invokes judicial processes in an attorney's attempt to collect a fee which the client has had no opportunity to contest, and, so far as the record shows, has never agreed to. For the reasons given, we hold that the trial court properly refused to sanction such a proceeding.

Affirmed.

---

5. The original decree, as it appears in the present record, contains no signatures indicating approval by either attorneys or clients. The "corrected judgment" bears the signatures of both attorneys, but contains no evidence that either client individually approved it. We cannot assume that the attorney was authorized to approve either document on behalf of the client with respect to a matter, such as a claim against the client for a fee, concerning which the interest of the attorney and the client were adverse.