**Marylou Stone ROSSEN, Appellant,**

v.

**Robert Henry ROSSEN, Appellee.**

**No. 01–89–00996–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 28, 1990.

Thomas R. Conner, Jean Jansen Crane, Houston, for appellant.

Dennis B. Kelly, Sallee S. Smith, Houston, for appellee.

Before WARREN, DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a judgment of divorce.

Appellant's first two points of error contend the court erred in discharging the attorney ad litem. The trial judge appointed an attorney ad litem for the child of the marriage. Shortly before trial, both parties and the attorney ad litem requested that he be relieved because both parties were represented by counsel who would adequately protect the child's interest. Both parties testified that dismissing the ad litem attorney would not injure the child. The court granted the request of all parties and discharged the attorney ad litem.

■ Nothing is presented for review because appellant made no timely objection to the discharge of the ad litem. Tex.R.App.P. 52(a). Her first objection came in her motion for new trial. Appellant has not directed us to any evidence or proceedings before the trial court on that motion and has not asserted as a point of error that the court erred in overruling the motion for new trial. Tex.R.App.P. 50(d), 74(d).

Points of error one and two are overruled.

■ In point of error three, appellant contends the trial court erred in sustaining a hearsay objection when she offered into evidence the written court-ordered social study regarding the child. Nothing is presented for review because the social study is not in the appellate record. Tex.R. App.P. 50(d), 74(d); Tex.R.Civ.Evid. 103(a)(2). Such reports are generally inadmissible hearsay. See Tex.Fam.Code Ann. § 11.12(c) (Vernon Supp.1990); *Green v. Remling*, 608 S.W.2d 905, 909–10 (Tex. 1980). We note, however, that the court allowed the author of the report to testify about her procedure in making the report, her conclusion, and her recommendation regarding child custody.

Point of error three is overruled.

■ Appellant next contends that the jury verdict on conservatorship was against the great weight and preponderance of the evidence. The jury found that appellee should be the sole managing conservator.

Appellant points out that several witnesses testified she was the child's primary caretaker; that Dr. Abrams testified he recommended her as the managing conservator during pretrial discussions; and that several witnesses testified she was a good caretaker. She asks us to set aside the jury's findings, based on this evidence.

During three days of testimony, the jury heard more than 20 witnesses and considered more than 60 documents before reaching its unanimous verdict. Having examined the evidence, we hold that the verdict was not against the great weight and preponderance of that evidence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Appellant points to no evidence that appellee was unfit, or that only she was fit, to be the managing conservator. Numerous witnesses testified that appellee was fit. Dr. Abrams recommended joint managing conservatorship at trial. Appellant concedes that he was "neutral" in his report to the court. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Herbert v. Herbert*, 754 S.W.2d 141, 143–44 (Tex. 1988). In view of the evidence favoring appellee as a managing conservator, the great weight of the evidence was not against the jury's verdict.

Point of error four is overruled.

■ Appellant next complains that the trial court divided the property without any evidence concerning the property or its valuation.

After the jury verdict on conservatorship, the court told the parties to return the next day to discuss the property settlement. The record reflects no further action regarding property until the judge and both attorneys signed the final decree. Appellant's attorney at that time was Ray Epps. There is no record before us of any trial or of any agreement regarding property. The decree recites that the trial judge divided the property, but it does not say

that he heard evidence or that the parties agreed.

Appellant never objected in the trial court to the property division. In fact, she ratified it in her motion for new trial, where she asked that the judgment "remain unaltered" in all respects, except for child custody and child support. She was represented at that time by her present attorney, who signed the motion. Given this state of the record, we hold that nothing is presented for review because appellant has not complied with TEX.R.APP.P. 52(a).

Points of error five and six are overruled.

■ In her seventh point of error, appellant contends the trial court improperly required her to pay attorney's fees to her trial lawyer. The decree provides:

IT IS ORDERED AND DECREED that MARYLOU STONE ROSSEN shall cash-in the Individual Retirement Account ... within a reasonable time after entry of this final decree, said time not to exceed thirty (30) days. IT IS FURTHER ORDERED AND DECREED that MARYLOU STONE ROSSEN shall pay to RAY EPPS, at his office ... the total sum of $10,947.00 from the proceeds of said Individual retirement Account within three (3) days of receipt by MARYLOU STONE ROSSEN.

Appellee takes no position on this issue.

Appellant correctly asserts that no pleadings support such an award, and that her lawyer was not a party in the case. She relies on *Douthit v. Anderson*, 521 S.W.2d 127, 128 (Tex.Civ.App.—Dallas 1975, no writ). That case held a similar order was void because the client had no opportunity to contest it and never agreed to it. That differs from this case. Appellant was represented by new, conflict-free counsel when she filed her motions for new trial and for judgment N.O.V. Neither motion raised this complaint. The *Douthit* court saw "no indication in the decree or otherwise that the client agreed to a judgment against her for the attorney's fee." Id. at 129–30. Here, appellant declared her approval of the judgment, by asking that it "remain unaltered," except for the conservatorship issues, and never objected to it in the trial court. Under TEX.R.APP.P. 52(a), nothing is presented for review.

Nor is this judgment void for lack of pleadings, as the *Douthit* court held. 521 S.W.2d at 129. Pleadings are not needed when issues are tried by consent. TEX.R. CIV.P. 67. Appellant's request that this part of the judgment remain unaltered constitutes her consent to the judgment.

Appellant claims this is a fundamental error she can raise without a trial court objection. We disagree. "Considering unassigned errors was the source of much mischief," and "fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected...." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982). This is not such a case.

Point of error seven is overruled.

The judgment is affirmed.

DUNN, Justice, concurring and dissenting.

In this case, the court ordered the wife to pay attorneys' fees to the attorney who represented her in this suit for divorce. I would reform the decree to delete this provision.

As pointed out in *Douthit v. Anderson*, 521 S.W.2d 127, 128–29 (Tex.Civ.App.—Dallas 1975, no writ), there is a serious question as to whether an attorney representing a client in a suit against a third party is in a position to assert in the same suit a claim for attorneys' fees against a client who is not represented by counsel.

The parties agree that the judgment contains language that amounts to a judgment for attorneys' fees in favor of appellant's trial counsel. However, there are no pleadings by the attorney seeking relief from his client. *See* TEX.R.CIV.P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant ..."). Neither

party signed the decree as an agreed judgment, nor did the attorneys sign on their behalf, so as to justify the judgment for attorneys' fees on the basis of contract. *See, e.g., McCray v. McCray,* 584 S.W.2d 279, 281 (Tex.1979). The attorneys signed as to form only. Further, the fact that the wife may have created a form of judicial estoppel, when she asked in her motion for new trial that the decree in all other parts remain the same, does not confer jurisdiction on the court to render a judgment on behalf of one who is not a party to the suit. As stated in *Douthit,* "The divorce court had no power to make a valid adjudication between attorney and client because no pleadings raised any issue or controversy between them." *Douthit,* 521 S.W.2d at 128.

I would find that this provision is void for lack of jurisdiction on the part of the court and is not enforceable.

I would reform the divorce decree to delete the award of attorney's fees. In all other aspects, I concur with the majority's result.

I respectfully dissent.