**HOLBERG & COMPANY and Robert E. Holberg, Individually, Appellants,**

v.

**CITIZENS NATIONAL ASSURANCE COMPANY, Appellee.**

No. 01–92–00964–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 1993.

Damon R. Capps, Houston, for appellants.

Gerald J. Brown, Ron E. Frank, Houston, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

In a suit against an unincorporated sole proprietorship, may the trial court enter judgment against the individual who is the owner? Yes. We affirm.

Holberg & Company (the Company), the named defendant, had an agency relationship with Citizens National Assurance Company (CNAC), the plaintiff. The Company is an unincorporated sole proprietorship owned and operated by Robert E. Holberg (Holberg). The Company sold insurance for CNAC, collected premiums from the insureds, and paid CNAC the premiums minus commissions. CNAC sued the Company for breach of contract; CNAC did not name Robert E. Holberg as a defendant.

The parties submitted the case on stipulated facts. One of the stipulations was that the Company is a sole proprietorship owned and operated by Holberg. After

reviewing the stipulations, the trial court signed a judgment awarding CNAC $94,-304.79 plus costs and expenses against the Company. The initial judgment did not mention Holberg. During the time the trial court still had plenary power over its judgment, the plaintiff filed a motion to modify the judgment to include Holberg, individually. The court granted the motion and signed a modified judgment, which reads, CNAC "have and recover from Defendant Robert Holberg d/b/a Holberg & Company."

### Assumed name

In their only point of error, the defendants argue the trial court erred in entering judgment against Holberg, because there were no pleadings and causes of action raised by the appellee to support the judgment. The defendants cite only one case to support their proposition. That case, *Douthit v. Anderson*, 521 S.W.2d 127 (Tex.Civ.App.—Dallas 1975, no writ), supports the contrary position for which the defendants cite it. In *Douthit* the court held

A person is not bound by a judgment except to the extent he, *or someone representing him,* had an adequate opportunity, not only to litigate the matters adjudicated, but to litigate them against the party who seeks to use the judgment against him.

*Id.* at 128–29 (emphasis added). Here, Holberg had an adequate opportunity to defend himself when his sole proprietorship was sued.

CNAC relies on Tex.Rev.Civ.Stat.Ann. arts. 6135 and 6137 (Vernon 1970), and Tex.R.Civ.P. 28. Article 6135 provides:

In suits by or against such unincorporated companies, whatever judgment shall be rendered shall be as conclusive on the individual stockholders and members thereof as if they were individually parties to such suits.

Article 6137 provides:

In a suit against such company or association, in addition to service on the president, secretary, treasurer or general agent of such companies or association, service of citation may also be had on any and all of the stockholders or members of such companies or associations; and, in the event judgment shall be against such unincorporated company or association, it shall be equally binding upon the individual property of the stockholders or members so served, and executions may issue against the property of the individual stockholders or members, as well as against the joint property; but executions shall not issue against the individual property of the stockholders or members until execution against the joint property has been returned without satisfaction.

Rule 28 provides:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

In *Northwest Sign Co. v. Jack H. Brown & Co.*, 680 S.W.2d 808, 809 (Tex.1984), the Texas Supreme Court held the record showed the corporation had fair and adequate notice of the lawsuit because it was sued in its assumed name and service of process was had on the registered agent for the corporation. Here, the record shows Holberg was the person who was actually served with process, although he was served in his capacity as the representative of the Company. According to Article. 6137 "service of citation may also be had on any and all of the stockholders ... and [judgment] shall be equally binding upon the individual property of the stockholders...." Holberg, as the sole stockholder, was bound by the judgment of the court.

When an individual is doing business under an assumed name, a judgment rendered against the unincorporated association is binding on the individual. *Mustang Tractor & Equip. v. Cornett,* 747 S.W.2d 33, 35 (Tex.App.—Houston [1st Dist.] 1988, no writ); *see also* Tex.Rev.Civ.

STAT.ANN. art. 6135. The Texas Supreme Court has recently confirmed that "[h]istorically, unincorporated associations were not considered separate legal entities and had no existence apart from their individual members." *Cox v. Thee Evergreen Church*, 836 S.W.2d 167, 169 (Tex.1992). Members incurring the debt on behalf of the association or assenting to its creation are personally liable. *Id.* at 170. In *Ideal Lease Service, Inc. v. Amoco Production Co.*, 662 S.W.2d 951, 952 (Tex.1984), the Texas Supreme Court stated:

> At the time of the accident, Thompson was the owner and operator of a sole proprietorship known as Blue Streak Welding Service.... Blue Streak Welding Service was, in law and in fact, one and the same as Thompson because a sole proprietorship has a legal existence only in the identity of the sole proprietor.

In this case, the parties stipulated the Company is an unincorporated sole proprietorship; therefore, as a matter of law, CNAC can recover from Holberg.

 According to *Douthit*, there was "someone representing" Holberg during the trial. The Company's attorney at trial is the same one representing Holberg on appeal, and Company was, in law and in fact, one and the same as Holberg, because the sole proprietorship has a legal existence only in the identity of Holberg. *See Ideal Lease Service*, 662 S.W.2d at 952; *see also Fincher v. B & D Air Conditioning and Heating Co.*, 816 S.W.2d 509, 513 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (even though the petition named only the partnership and not the individual partners, the judgment could be entered against the partner served). Here, the suit named the Company and was served on Holberg. Under rule 28, the trial court had the authority to substitute Holberg for the Company on a motion by the plaintiff or on its own motion; therefore, it was proper for it to grant CNAC's request.

We overrule the point of error. In addition, we require the appellant pay the $5,000 it was required to pay in the event of an appeal.

## Frivolous appeal

CNAC asks us to impose sanctions on the defendants, under the authority of TEX. R.APP.P. 84. Rule 84 provides in part:

> In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant.

 A court of appeals should not impose a penalty for a frivolous appeal unless the record clearly shows the appellant has no reasonable expectation the judgment will be reversed, and the appellant has not pursued the appeal in good faith. *Finch v. Finch*, 825 S.W.2d 218, 226 (Tex.App.—Houston [1st Dist.] 1992, no writ). When an appellant raises questions on appeal that are contrary to well-established principles of law, it is some indication the appeal is frivolous. *McGuire v. Post Oak Lane Townhome Owners Assoc.*, 794 S.W.2d 66, 68–69 (Tex.App.—Houston [1st Dist.] 1990, writ denied). To determine if damages for delay are appropriate, this Court must review the record from the advocate's point of view at the time the appeal is taken to determine if there were reasonable grounds to believe the case could be reversed. *Hicks v. Western Funding, Inc.*, 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

 The defendants' brief is a little over two pages long, makes no citation to the record, and cites only one case as authority. That case supports the *affirmance*, not the reversal, of this case. The defendants did not mention in their brief the stipulated fact that Company is a sole proprietorship owned by Holberg, which we found to be a misleading omission. Neither did the defendants provide us with any law supporting their proposition with reference to sole proprietorships.

We find the defendants did not pursue this appeal in good faith. The defendants' brief cited only one case and ignored the rules and statutes contrary to their posi-

tion. The defendants' brief restates the argument, verbatim, stated in their motion for new trial.

In *General Electric Credit Corp. v. Midland Central Appraisal District,* 826 S.W.2d 124, 125 (Tex.1992), the Texas Supreme Court reversed sanctions against the appellant because the brief was well-researched and raised several arguable points of error. The appellant's arguments, even if unconvincing, had a reasonable basis in law and constituted an informed, good-faith challenge to a trial court judgment. This is not the case here. We will not permit spurious appeals, which unnecessarily burden our crowded docket, to go unpunished. *McGuire,* 794 S.W.2d at 69.

We sustain CNAC's request for rule 84 damages by finding the defendants "have taken an appeal for delay and without sufficient cause." TEX.R.APP.P. 84. We assess damages of 10 percent of the judgment.